AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)    ☐ Original   ☐ Duplicate Original

| LODGED |
| --- |
| CLERK, U.S. DISTRICT COURT |
| 10/31/2025 |
| CENTRAL DISTRICT OF CALIFORNIA |
| BY: _____AP_____ DEPUTY |

# UNITED STATES DISTRICT COURT

for the

Central District of California

| FILED |
| --- |
| CLERK, U.S. DISTRICT COURT |
| 10/31/2025 |
| CENTRAL DISTRICT OF CALIFORNIA |
| BY: _____DC_____ DEPUTY |

United States of America

v.

CARLOS JIMINEZ,

Defendant.

Case No.   5:25-mj-00674

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, Elisha Mejia, the complainant in this case, state that the following is true to the best of my knowledge and belief.  On or about the date of October 31, 2025, in the county of San Bernardino in the Central District of California, the defendant violated:

| Code Section | Offense Description |
| --- | --- |
| 18 U.S.C. § 111 | Assault on a Federal Officer |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

/s/ Elisha Mejia
Complainant's signature

Elisha Mejia, Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date:   10/31/2025

*Judge's signature*

City and state:   Riverside, California

Hon. A. Joel Richlin, U.S. Magistrate Judge
*Printed name and title*

AUSA: Patrick Kibbe x6482

I, Elisha Mejia, being duly sworn, declare and state as follows:

## I. BACKGROUND OF AFFIANT

1. I am a Special Agent ("SA") with the Homeland Security Investigations ("HSI") division of U.S. Immigration and Customs Enforcement ("ICE") and have been so employed since 2008. I am currently assigned to the Child Exploitation Investigations Group ("CEIG") at the HSI office in Corona, California. Since entering duty with HSI, I have conducted investigations involving Transnational Organized Crime, narcotics, money laundering, Intellectual Property Rights, national security, immigration, and child exploitation. Throughout my career, I have participated in numerous investigations and have conducted or assisted in the arrests of numerous subjects, conducted interviews with victims, witnesses, suspects, and informants. Through my training and experience, I have become familiar with methods used by people who commit offenses involving assault on federal officers.

## II. PURPOSE OF AFFIDAVIT

2. This affidavit is made in support of a criminal complaint against, and an arrest warrant for, Carlos Jiminez ("JIMENEZ") for a violation of 18 U.S.C. § 111, Assault on a Federal Officer.

3. The facts set forth in this affidavit are based upon my personal observations, my training and experience, interviews with percipient witnesses, and information obtained from various law enforcement personnel and witnesses. This affidavit is

intended to show merely that there is sufficient probable cause for the requested complaint and arrest warrant and does not purport to set forth all my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and part only and all dates and times are on or about those indicated.

### III. STATEMENT OF PROBABLE CAUSE

4. Based on my discussions with witnesses, conversations with other law enforcement agents, review of law enforcement reports, and my own involvement in the investigation, I am aware of the following:

5. On October 30, 2025, an Immigration and Customs Enforcement, Enforcement and Removal Operations ("ERO") Deportation Officer and two U.S. Customs and Border Protection ("CBP") Office of Field Operations ("OFO") officers (collectively, the "Enforcement Team") were conducting a planned immigration enforcement operation in Ontario, California, within the Central District of California.

6. The Enforcement Team consisted of ERO Deportation Officer E.O, OFO Officer N.J., and OFO Officer S.C. Members of the Enforcement Team were clearly identifiable as federal officers, wearing vests and clothing marked with "CPB", "POLICE," "ERO," and/or "IMMIGRATION CUSTOMS ENFORCEMENT" insignia. They were also operating unmarked government owned vehicles outfitted with police equipment, including red and blue lights and sirens.

7. At approximately 6:29 a.m., the Enforcement Team conducted a vehicle stop of a Honda Accord (the "Honda"). The Honda was heading southbound on Vineyard Avenue when it was stopped. The Honda was occupied by three individuals: the driver, C.L.R.; a front passenger, A.M.M.; and a rear passenger, J.R.G. As part of the vehicle stop, Officer N.J. spoke with the occupants of the Honda at the driver's side window.

8. While Officer N.J. was speaking with the occupants of the Honda, an unrelated Lexus RX350 (the "Lexus") pulled next to Officer N.J. on the Honda's driver's side. The Lexus was driven by JIMENEZ. JIMENEZ engaged in a verbal altercation with the officers at the vehicle stop.

9. Officer E.O. approached the Lexus with his firearm in hand and told JIMENEZ to leave. Officer E.O. then holstered his firearm and retrieved his oleoresin capsicum spray (O.C. spray, or pepper spray).

10. After Officer E.O. had his pepper spray in hand, JIMENEZ pulled the Lexus forward to the left, away from the Enforcement Team and the Honda. The Lexus then stopped, turned its wheels, and then rapidly accelerated in reverse back toward Officer N.J. and the Honda.[1]

11. Because of JIMENEZ pulling forward, turning his wheels, and then rapidly accelerating back toward Officer N.J.

---

[1] At approximately this time, Officer E.O. fired a shot from his firearm and struck JIMENEZ in the shoulder. Then, JIMENEZ drove away from the scene and later checked himself into a hospital. After JIMENEZ was medically cleared and released from the hospital, JIMENEZ was taken into HSI custody.

and the Honda, Officer N.J. feared that the Lexus would hit officer N.J. and the Honda.

## IV. CONCLUSION

12. For all of the reasons described above, there is probable cause to believe that JIMENEZ violated 18 U.S.C. § 111 (Assault on a Federal Officer).

/s/
Elisha Mejia, Special Agent
Homeland Security Investigations

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this  31st  day of October 2025.

HONORABLE A. JOEL RICHLIN
UNITED STATES MAGISTRATE JUDGE